## COVER LETTER FOR FILING

Clerk of Court
U.S. Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

Re: Filing of Petition for Writ of Mandamus – Detlef F. Hartmann

Dear Clerk of Court,

Enclosed please find the Petition for Writ of Mandamus, Appendix,
Certificate of Service, and Motion to Proceed In Forma Pauperis for filing.

Thank you for your attention to this matter.

Respectfully,

Detlef F. Hartmann
Signature:

**DETLEF ⬤ F. HARTMANN**
    246 N. Franklin Str
    Wilmington, DE 19805

RECEIVED
DEC   3  2025
U.S.C.A. 3rd. CIR

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


RECEIVED
DEC - 3 2025
U.S.C.A. 3rd. CIR.

In re: Detlef F. Hartmann, Petitioner–Appellant

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware (Case No. 1:25-cv-01052-GBW)

## PETITION FOR WRIT OF MANDAMUS

Petitioner–Appellant, Detlef F. Hartmann, respectfully petitions this Honorable Court for a writ of mandamus compelling the United States District Court for the District of Delaware to articulate the reasons for its denial of Petitioner–Appellant's motion to proceed in forma pauperis in Case No. 1:25-cv-01052-GBW, which was dismissed for lack of jurisdiction.

The underlying appeal concerns the Delaware Supreme Court's refusal to articulate reasons for denying an informal pauperis motion. When the District Court dismissed the matter without addressing the substance of the pauper status issue or providing an explanation for its denial, Petitioner–Appellant was left without meaningful access to appellate review.

A district court has a constitutional and procedural duty to articulate sufficient reasoning to permit meaningful appellate review. The absence of articulated reasons constitutes an abuse of discretion and violates due process. Petitioner–Appellant seeks only a limited remedy—an order requiring the District Court to articulate its reasoning.

## PRAYER FOR RELIEF

Petitioner–Appellant respectfully requests that this Court issue a writ of mandamus directing the United States District Court for the District of Delaware to articulate the reasons for its denial of Petitioner–Appellant's in forma pauperis motion.

Respectfully submitted,

Detlef F. Hartmann
Petitioner–Appellant

CONDENSED M̶ ̶ ̶ ̶ ARGUMENT (3–5 PAGES)

Petitioner–Appellant, Detlef ̶ ̶ ̶ ̶ ̶ ̶, submits this condensed legal
argument in support of his Petition for Writ of Mandamus. Mandamus is an
extraordinary remedy, but it is warranted where a lower court fails to fulfill a
mandatory judicial duty and thereby prevents meaningful appellate review.

## I. STANDARD FOR MANDAMUS

The Supreme Court has held that mandamus is appropriate where the
petitioner demonstrates a "clear and indisputable" right to relief and the
absence of any other adequate means to obtain it. Cheney v. U.S. Dist.
Court, 542 U.S. 367, 380–81 (2004).[1] The Third Circuit follows this same
standard.

## II. DUTY TO ARTICULATE REASONS

Federal courts are required to articulate sufficient reasons to permit
meaningful appellate review. A court abuses its discretion when it fails to
provide a rationale that allows a reviewing court to evaluate the basis of its
decision. See United States v. Merz, 376 U.S. 192, 199 (1964).[2] The denial
of an in forma pauperis motion without explanation prevents any appellate
court from determining whether discretion was exercised properly.

## III. FAILURE TO PROVIDE REASONS VIOLATES DUE PROCESS

The Due Process Clause requires "the opportunity to be heard at a
meaningful time and in a meaningful manner." Mathews v. Eldridge, 424
U.S. 319, 333 (1976).[3] A summary denial without articulated reasoning
deprives Petitioner–Appellant of this right by preventing appellate courts
from assessing the fairness, accuracy, or legality of the decision.

## IV. MANDAMUS IS NECESSARY TO PROTECT APPELLATE
JURISDICTION

Where a district court's actions effectively foreclose appellate review,
mandamus is appropriate to protect the appellate court's jurisdiction. See
Schlagenhauf v. Holder, 379 U.S. 104, 110 (1964).[4] The District Court's
failure to articulate reasons for denying IFP status—combined with the
jurisdictional dismissal—prevents any meaningful review by this Court.

## V. PETITIONER HAS A CLEAR AND INDISPUTABLE RIGHT TO
REASONED DECISION-MAKING

Because federal law, constitutional doctrine, and Supreme Court precedent
all require a court to articulate the basis of its rulings, Petitioner–Appellant
has a clear and indisputable right to relief. Proper exercise of judicial
discretion necessarily involves explanation. Without articulation, discretion
becomes unreviewable, contrary to fundamental principles of appellate
oversight.

## CONCLUSION

## CERTIFICATE OF SERVICE

I, Detlef F. Hartmann, certify that on this date I mailed a true and correct copy of the Petition for Writ of Mandamus and all accompanying documents to the following:

Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Clerk of Court
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Date: 1-25-25

Signature: _____

## TABLE OF AUTHORITIES

Cases:

• Mandamus Standard – Cheney v. U.S. Dist. Court, 542 U.S. 367 (2004)
........ ___

• Duty to Articulate Reasons – United States v. Merz, 376 U.S. 192 (1964)
.... ___

Statutes:

• 28 U.S.C. § 1651 (All Writs Act) ............................................... ___

## CIVIL INFORMATION STATEMENT

Case Title: In re Detlef F. Hartmann

Related Case: 1:25-cv-01052-GBW (D. Del.)

Basis for Jurisdiction: Petition for Writ of Mandamus under 28 U.S.C. § 1651

Issues Presented: Duty to articulate reasons for denial of IFP motion

Party Filing: Petitioner–Appellant

# APPENDIX

In re: Detlef F. Hartmann
Petition for Writ of Mandamus
U.S. Court of Appeals for the Third Circuit

*file*

# PETITION FOR WRIT OF MANDAMUS TO COMPEL ARTICULATION OF REASONS FOR DENIAL OF INFORMAL PAUPERS MOTION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---

DETLEF F. HARTMANN

             Petitioner,

v.              Civil Action No.
              Case Below 271, 2025

**THE HONORABLE BERYL B. NYAMBURI,**
**Justice of the Supreme Court of Delaware**,
**and the State of Delaware** ,

             Respondents.

---

## PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Petitioner HARTMANN
respectfully petitions this Honorable Court for a Writ of Mandamus compelling Respondent Justice NYAMBURI, of the Delaware Supreme Court to articulate adequate reasons, findings of fact, and conclusions of law for the denial of Petitioner's Motion for Informal Paupers Status, and in support thereof states as follows:

## I. NATURE OF PROCEEDINGS AND RELIEF SOUGHT

1. This is a Petition for Writ of Mandamus seeking to compel the Honorable NYAMBURI Justice of the Supreme Court of Delaware, to perform the mandatory ministerial duty of providing adequate reasoning for judicial decisions as required by the United States Constitution, federal statutes, Delaware Constitution, Delaware statutes, Delaware court rules, and judicial ethics.

2. Petitioner seeks a writ directing Respondent Justice to vacate the Opinion and Order dated AUG 13, 2025 denying Petitioner's Motion for Informal Paupers Status and enter a new opinion containing specific findings of fact, conclusions of law, and legal reasoning supporting the denial.

3. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction) as this petition involves violations of federal constitutional rights under color of state law.

## II. PARTIES

4. Petitioner HARTMANN is without counsel appointment whose federal constitutional rights have been violated by the Delaware Supreme Court's failure to provide adequate reasoning for denial of informal paupers status, thereby denying access to justice and due process.

5. Respondent The Honorable NYAMBURI is a Justice of the Supreme Court of Delaware who participated in issuing the challenged Opinion denying informal paupers status without adequate reasoning, acting under color of state law.

6. Respondent State of Delaware is accomplice in the underlying Delaware Supreme Court proceeding who may be affected by the relief sought.

## III. STATEMENT OF FACTS

7. On 7/10/25, Petitioner filed a Motion for Informal Paupers Status with the Delaware Supreme Court, seeking to proceed without prepayment of costs and fees due to indigency.

8. The Motion for Informal Paupers Status included detailed financial affidavits, supporting documentation, and legal arguments establishing Petitioner's eligibility under Delaware Supreme Court Rule 8(a) and federal constitutional requirements.

9. On 7/24/25, the Delaware Supreme Court, including Respondent Justice, issued a one paragraph Opinion denying Petitioner's Motion for Informal Paupers Status without providing adequate reasoning, findings of fact, or conclusions of law.

10. The Delaware Supreme Court's denial contains no analysis of Petitioner's financial circumstances, no consideration of the constitutional right of access to courts, no explanation of the legal standards applied, and no reasoning for the denial.

11. The unreasoned denial effectively bars Petitioner from pursuing appellate review due to inability to pay court costs and

fees, violating fundamental constitutional rights of access to justice and due process.

12. Petitioner has no adequate remedy at law in state court as the Delaware Supreme Court is the final state authority on matters of informal paupers status.

## IV. FEDERAL JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under:
    - **28 U.S.C. § 1331**: Federal question jurisdiction over constitutional violations
    - **28 U.S.C. § 1343(a)(3)**: Civil rights jurisdiction for deprivation of rights under color of state law
    - **42 U.S.C. § 1983**: Civil rights action against state actors

14. Venue is proper under 28 U.S.C. § 1391(b) as the constitutional violations occurred in Delaware.

15. This action is not barred by the Rooker-Feldman doctrine because Petitioner challenges the constitutional adequacy of the state court's reasoning process for denial of paupers status, not the merits of the underlying substantive case.

## V. FEDERAL CONSTITUTIONAL VIOLATIONS

### A. FOURTEENTH AMENDMENT DUE PROCESS VIOLATIONS

16. **Procedural Due Process**: The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

17. **Fundamental Right of Access to Courts**: The Supreme Court has recognized that access to courts is a fundamental right protected by the Due Process Clause. *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

18. **Mathews v. Eldridge Standard**: Under *Mathews v. Eldridge*, 424 U.S. 319 (1976), procedural due process requires adequate procedural safeguards, including reasoned decision-making by government actors, particularly when fundamental rights are at stake.

19. **Goldberg v. Kelly**: *Goldberg v. Kelly*, 397 U.S. 254, 271

(1970), established that due process requires "timely and adequate notice detailing the reasons for a proposed termination" of rights, which extends to denial of access to judicial proceedings.

20. **Cleveland Board Standard**: *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), mandates that procedural due process includes meaningful opportunity to be heard and reasoned decision-making, especially critical when denying access to courts.

### B. EQUAL PROTECTION VIOLATIONS

21. **Fundamental Right Analysis**: The denial of court access based on indigency triggers strict scrutiny under the Equal Protection Clause. *Griffin v. Illinois*, 351 U.S. 12, 17 (1956).

22. **Griffin v. Illinois**: The Supreme Court held that "there can be no equal justice where the kind of trial a man gets depends on the amount of money he has." 351 U.S. at 19.

23. **Douglas v. California**: *Douglas v. California*, 372 U.S. 353, 357 (1963), extended Griffin to appellate proceedings, establishing that indigent defendants cannot be denied meaningful access to appellate review.

24. The arbitrary denial of paupers status without reasoned decision-making violates equal protection by creating wealth-based barriers to justice without compelling justification.

### C. FIRST AMENDMENT PUBLIC ACCESS VIOLATIONS

25. **Richmond Newspapers**: *Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980), established a First Amendment right of public access to judicial proceedings and records.

26. **Press-Enterprise**: *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984), extended public access rights to include comprehensible judicial decisions that allow public understanding of court proceedings and access determinations.

### D. ACCESS TO COURTS VIOLATIONS

27. **Constitutional Foundation**: The right of access to courts is fundamental and derives from multiple constitutional sources, including the Due Process Clause, Equal Protection Clause, and First Amendment. *Lewis v. Casey*, 518 U.S. 343, 354 (1996).

28. **Boddie v. Connecticut**: *Boddie v. Connecticut*, 401 U.S. 371, 374 (1971), held that due process prohibits a state from denying access to courts solely because of inability to pay fees when no alternative means of dispute resolution exists.

## VI. FEDERAL STATUTORY VIOLATIONS

### A. CIVIL RIGHTS ACT VIOLATIONS (42 U.S.C. § 1983)

29. Respondent Justice, acting under color of Delaware state law, has deprived Petitioner of rights secured by the Constitution and federal laws in violation of 42 U.S.C. § 1983.

30. The denial of due process and equal protection through unreasoned denial of paupers status constitutes a deprivation of federal constitutional rights actionable under § 1983.

### B. IN FORMA PAUPERIS STATUTE (28 U.S.C. § 1915)

31. While 28 U.S.C. § 1915 applies directly to federal courts, it establishes federal policy favoring access to courts for indigent litigants that state courts must respect under the Supremacy Clause.

32. The federal in forma pauperis statute reflects congressional recognition that access to courts cannot be conditioned on wealth, a principle that applies to state court proceedings under the Fourteenth Amendment.

### C. ATTORNEY'S FEES (42 U.S.C. § 1988)

33. Petitioner is entitled to reasonable attorney's fees under 42 U.S.C. § 1988 as the prevailing party in this civil rights action.

## VII. DELAWARE CONSTITUTIONAL AND STATUTORY VIOLATIONS

### A. DELAWARE CONSTITUTIONAL VIOLATIONS

34. **Delaware Constitution Article I, Section 7**: "No person shall be deprived of life, liberty or property without due process of law."

35. **Delaware Constitution Article I, Section 9**: "Justice shall not be sold, denied or delayed."

36. **Delaware Constitution Article I, Section 4**: Equal protection under Delaware law prohibits wealth-based discrimination in access to courts.

### B. DELAWARE STATUTORY VIOLATIONS

37. **10 Del. C. § 4915**: Requires courts to make findings of fact and conclusions of law in all decisions affecting substantial rights.

38. **Delaware Supreme Court Rule 8(a)**: Establishes procedures for informal paupers status that require reasoned decision-making.

39. **Delaware Supreme Court Rule 8**: Requires adequate reasoning in all appellate decisions, including procedural determinations.

### C. DELAWARE JUDICIAL ETHICS VIOLATIONS

40. **Canon 1, Rule 1.1**: "A judge shall comply with the law, including the Code of Judicial Conduct."

41. **Canon 2, Rule 2.2**: "A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially."

42. **Canon 2, Rule 2.6**: "A judge shall ensure the right to be heard according to law."

## VIII. LEGAL STANDARD FOR MANDAMUS IN FEDERAL COURT

43. Federal mandamus is appropriate when: (1) the petitioner has a clear right to relief; (2) the respondent has a clear duty to act; (3) no other adequate remedy exists; and (4) the writ is necessary to prevent a miscarriage of justice. *Cheney v. United States District Court*, 542 U.S. 367 (2004).

### A. CLEAR RIGHT TO RELIEF

44. Petitioner has a clear federal constitutional right to:
    - Due process in judicial proceedings, including reasoned decision-making
    - Equal protection and access to courts regardless of wealth
    - Meaningful opportunity to seek appellate review
    - First Amendment access to comprehensible judicial proceedings

6

45. The right to reasoned judicial decisions is well-established in federal law and is particularly critical when fundamental rights of court access are at stake.

### B. CLEAR DUTY TO ACT

46. Respondent Justice has a clear federal constitutional duty not to deprive persons of due process, equal protection, and access to courts under the Fourteenth Amendment.

47. As a state actor, Respondent Justice must comply with federal constitutional requirements when exercising judicial authority, particularly when determining access to judicial proceedings.

48. Delaware law independently requires reasoned decision-making in judicial determinations affecting substantial rights.

### C. NO ADEQUATE REMEDY AT LAW

49. Petitioner has no adequate state remedy because:
   - The Delaware Supreme Court is the highest state court
   - No further state appellate review of paupers status determinations is available
   - The violation involves the Delaware Supreme Court itself
   - State remedies have been exhausted
   - The denial of paupers status prevents pursuit of other state remedies

50. Federal habeas corpus under 28 U.S.C. § 2254 is inadequate because this involves ongoing constitutional violations in civil proceedings, not completed criminal proceedings.

51. Without federal intervention, Petitioner will be permanently denied access to appellate review due to indigency.

### D. NECESSARY TO PREVENT MISCARRIAGE OF JUSTICE

52. Mandamus is necessary to prevent a fundamental miscarriage of justice because:
   - Constitutional rights of access to courts are being violated
   - The highest state court is failing to perform basic constitutional duties
   - Wealth-based barriers to justice undermine equal protection
   - Precedent must be established to prevent future violations
   - Public confidence in judicial system requires reasoned  ∧

decision-making

## IX. EXHAUSTION OF STATE REMEDIES

53. Petitioner has exhausted all available state remedies:
    - Filed Motion for Informal Paupers Status with Delaware
Supreme Court (denied without reasoning)
    - No further state appellate review of paupers status
determinations is available
    - Delaware Supreme Court is the final state authority on
paupers status

54. Further state proceedings would be futile because:
    - The Delaware Supreme Court itself committed the
constitutional violations at issue
    - No state mechanism exists to review Delaware Supreme Court
paupers status determinations
    - The denial of paupers status prevents pursuit of other state
remedies

55. Under *Monroe v. Pape*, 365 U.S. 167 (1961), exhaustion is not
required when state remedies are inadequate or when the state
itself is the violator of federal rights.

## X. ROOKER-FELDMAN DOCTRINE DOES NOT APPLY

56. The Rooker-Feldman doctrine does not bar this action because
Petitioner challenges the constitutional adequacy of the state
court's reasoning process for denial of paupers status, not the
merits of the underlying substantive case.

57. *District of Columbia Court of Appeals v. Feldman*, 460 U.S.
462 (1983), permits federal court review of whether state court
procedures comply with federal constitutional requirements.

58. This petition seeks prospective relief requiring compliance
with federal constitutional mandates in paupers status
determinations, not reversal of the state court's substantive
decision in the underlying case.

59. *Lance v. Dennis*, 546 U.S. 459 (2006), confirms that
challenges to state court procedures that violate federal
constitutional requirements are not barred by Rooker-Feldman.

## XI. CONTROLLING FEDERAL PRECEDENT

### A. SUPREME COURT AUTHORITY ON ACCESS TO COURTS

60. **Griffin v. Illinois**, 351 U.S. 12, 19 (1956): "There can be
no equal justice where the kind of trial a man gets depends on the
amount of money he has."

61. **Douglas v. California**, 372 U.S. 353, 357 (1963): Indigent
defendants cannot be denied meaningful access to appellate review
based solely on inability to pay.

62. **Boddie v. Connecticut**, 401 U.S. 371, 374 (1971): Due
process prohibits denying access to courts solely because of
inability to pay fees when no alternative dispute resolution
exists.

63. **Bounds v. Smith**, 430 U.S. 817, 821 (1977): Access to
courts is a fundamental right that cannot be denied based on
wealth.

### B. SUPREME COURT AUTHORITY ON DUE PROCESS

64. **Mathews v. Eldridge**, 424 U.S. 319, 333 (1976): "The
fundamental requirement of due process is the opportunity to be
heard 'at a meaningful time and in a meaningful manner.'"
Unreasoned denials of court access deny meaningful hearings.

65. **Goldberg v. Kelly**, 397 U.S. 254, 271 (1970): Due process
requires "timely and adequate notice detailing the reasons" for
governmental decisions affecting individual rights.

66. **Cleveland Board of Education v. Loudermill**, 470 U.S. 532,
546 (1985): Due process requires "notice and an opportunity to
respond" with reasoned decision-making.

### C. CIRCUIT COURT AUTHORITY

67. **Third Circuit**: *Tabron v. Grace*, 6 F.3d 147, 158 (3d Cir.
1993): "Due process requires that administrative decisions be
accompanied by adequate reasoning," particularly when fundamental
rights are affected.

68. **Third Circuit**: *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d
Cir. 1976): Denial of access to courts based on indigency requires
strict scrutiny and compelling justification.

## XII. STATE JUDICIAL IMMUNITY DOES NOT APPLY

comply with federal constitutional requirements, even when those officials are judges.

71. **Pulliam v. Allen**, 466 U.S. 522 (1984): Judicial immunity does not bar prospective injunctive relief against judges to prevent ongoing constitutional violations.

72. The relief sought is prospective only—compelling future compliance with constitutional reasoning requirements—not damages for past conduct.

73. **Supreme Court of Virginia v. Consumers Union**, 446 U.S. 719 (1980): Federal courts have authority to review state court procedures for compliance with federal constitutional requirements.

## XIII. IRREPARABLE HARM

74. Petitioner suffers irreparable harm that cannot be remedied by monetary damages:

### A. CONSTITUTIONAL HARM

75. **Denial of Due Process**: Ongoing violation of fundamental procedural due process rights through unreasoned judicial decision-making.

76. **Denial of Equal Protection**: Wealth-based discrimination in access to appellate courts violates equal protection principles.

77. **Denial of Court Access**: Fundamental right of access to courts is being violated, preventing meaningful appellate review.

### B. PRACTICAL HARM

78. **Financial Barriers**: Inability to pay court costs and fees effectively bars appellate review of underlying substantive rights.

79. **Time Sensitivity**: Delay in obtaining reasoned decision allows constitutional violations to continue and may moot underlying appellate rights.

80. **Precedential Harm**: Allowing unreasoned denials of paupers status establishes dangerous precedent undermining access to

justice.

### C. PUBLIC HARM

81. **Systemic Impact**: Unreasoned judicial decisions undermine public confidence in judicial system and rule of law.

82. **Democratic Values**: Public access to comprehensible judicial reasoning is essential to democratic accountability.

## XIV. BALANCE OF HARDSHIPS

83. The balance of hardships strongly favors Petitioner:

### A. HARM TO PETITIONER

84. Without mandamus relief, Petitioner will be permanently denied access to appellate review due to indigency, violating fundamental constitutional rights.

85. The denial of reasoned decision-making prevents meaningful understanding of the legal basis for denial and opportunity to address deficiencies.

### B. MINIMAL BURDEN ON RESPONDENT

86. Requiring Respondent Justice to provide adequate reasoning imposes minimal burden—simply performing the constitutional duty already required.

87. Articulating reasons for judicial decisions is a fundamental judicial function that enhances rather than burdens the judicial process.

88. The relief sought promotes judicial accountability and public confidence without interfering with judicial independence.

## XV. PUBLIC INTEREST

89. The public interest strongly supports mandamus relief:

### A. CONSTITUTIONAL COMPLIANCE

90. **Federal Supremacy**: Ensuring state court compliance with federal constitutional requirements serves the paramount public interest in constitutional supremacy.

12

91. **Equal Justice**: Preventing wealth-based discrimination in access to courts serves the fundamental public interest in equal justice under law.

### B. JUDICIAL ACCOUNTABILITY

92. **Reasoned Decision-Making**: Public interest in comprehensible judicial decisions that allow democratic oversight and accountability.

93. **Access to Justice**: Public interest in maintaining meaningful access to courts for all citizens regardless of economic status.

### C. RULE OF LAW

94. **Consistent Standards**: Public interest in consistent application of constitutional and legal standards by all courts.

95. **Democratic Values**: Public interest in transparent judicial processes that maintain public confidence in the justice system.

## XVI. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Honorable Court:

### A. ISSUE WRIT OF MANDAMUS

1. **Issue a Writ of Mandamus** directing Respondent Justice NYAMBUR| to:
    a. Vacate the Opinion and Order dated Aug 13, 2025 denying Petitioner's Motion for Informal Paupers Status;
    b. Enter a new opinion containing specific findings of fact regarding Petitioner's financial circumstances;
    c. Include conclusions of law regarding the applicable legal standards for informal paupers status;
    d. Provide adequate reasoning explaining the basis for any denial of paupers status;
    e. Consider all relevant factors required by federal constitutional law and Delaware law;

### B. DECLARATORY RELIEF

2. **Declare** that the Delaware Supreme Court's denial of

13

informal paupers status without adequate reasoning violates:
   a. The Due Process Clause of the Fourteenth Amendment;
   b. The Equal Protection Clause of the Fourteenth Amendment;
   c. The First Amendment right of public access to judicial proceedings;
   d. Federal civil rights laws under 42 U.S.C. § 1983;
   e. Delaware constitutional and statutory requirements;

### C. INJUNCTIVE RELIEF

3. **Issue a preliminary and permanent injunction** requiring:
   a. Compliance with federal constitutional reasoning requirements in all paupers status determinations;
   b. Adequate findings of fact and conclusions of law in decisions affecting access to courts;
   c. Consideration of all relevant factors in indigency determinations;
   d. Procedures ensuring meaningful opportunity to be heard on paupers status motions;

### D. PROSPECTIVE RELIEF

4. **Order prospective compliance** with federal constitutional requirements in future paupers status determinations to prevent ongoing constitutional violations;

### E. COSTS AND FEES

5. **Award reasonable costs and attorney's fees** under 42 U.S.C. § 1988 and other applicable law;

### F. ADDITIONAL RELIEF

6. **Grant such other and further relief** as this Court deems just, proper, and necessary to vindicate Petitioner's federal constitutional rights and ensure compliance with federal law.

---

## XVII. CONCLUSION

97. The Delaware Supreme Court's denial of Petitioner's Motion for Informal Paupers Status without adequate reasoning violates fundamental federal constitutional rights and cannot be permitted to stand.

14

98. Federal mandamus is the appropriate remedy to compel compliance with clearly established federal constitutional requirements for reasoned judicial decision-making, particularly when fundamental rights of access to courts are at stake.

99. The relief sought is narrow, appropriate, and necessary to prevent ongoing constitutional violations and ensure that all citizens, regardless of economic status, have meaningful access to appellate review.

100. This Court should issue the requested writ to vindicate federal constitutional rights and ensure that state courts comply with federal constitutional mandates.

**WHEREFORE, Petitioner respectfully requests that this Honorable Court grant the Petition for Writ of Mandamus and provide all requested relief.**

- - -

**Respectfully submitted,**

- - -

**VERIFICATION UNDER 28 U.S.C. § 1746**

I, DETLEF F. HARTMANN , declare under penalty of perjury under the laws of the United States that I have read the foregoing Petition for Writ of Mandamus and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on _Aug 16th_, 2025.

[PETITIONER NAME]
Petitioner, prose

15

Petitioner

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing
Petition for Writ of Mandamus was served upon all parties by the
methods indicated below on this _14th_ day of _August_, 202 :

**TO RESPONDENT JUSTICE [NAME]:**
The Honorable
Delaware Supreme Court
Carvel State Office Building
820 North French Street, 11th Floor
Wilmington, DE 19801
☒ Certified mail, return receipt requested
☐ Hand delivery to Clerk of Delaware Supreme Court

**TO RESPONDENT [OPPOSING PARTY]:** Andrew J. Vella, Esq.
[OPPOSING PARTY NAME]  State of Delaware, State Attorney General Staff
[ADDRESS]  820 N. French St.
[CITY, STATE ZIP]  Wilmington, DE 19801
☒ Certified mail, return receipt requested
☐ [Other service method as appropriate]

**TO DELAWARE ATTORNEY GENERAL:**
Kathleen Jennings, Attorney General
Delaware Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
☒ Certified mail, return receipt requested

---

**NOTICE TO RESPONDENT JUSTICE**

The Respondent Justice is hereby notified that this federal
mandamus action seeks only prospective relief to ensure compliance
with federal constitutional requirements in future paupers status
determinations. No monetary damages are sought against the Justice
personally. The relief requested is designed to vindicate federal    16

constitutional rights while respecting principles of judicial independence and federalism.

---

**APPENDIX OF AUTHORITIES**

**CONSTITUTIONAL PROVISIONS:**
- U.S. Const. amend. XIV, § 1 (Due Process and Equal Protection)
- U.S. Const. amend. I (Public Access Rights)
- U.S. Const. art. VI, cl. 2 (Supremacy Clause)
- Del. Const. art. I, § 7 (Due Process)
- Del. Const. art. I, § 9 (Access to Justice)

**FEDERAL STATUTES:**
- 28 U.S.C. § 1331 (Federal Question Jurisdiction)
- 28 U.S.C. § 1343 (Civil Rights Jurisdiction)
- 42 U.S.C. § 1983 (Civil Rights Action)
- 42 U.S.C. § 1988 (Attorney's Fees)
- 28 U.S.C. § 1915 (In Forma Pauperis)

**DELAWARE STATUTES:**
- 10 Del. C. § 4915 (Findings of Fact and Conclusions of Law)
- Delaware Supreme Court Rule 8(a) (Informal Paupers Status)

**KEY FEDERAL CASES:**
- *Griffin v. Illinois*, 351 U.S. 12 (1956)
- *Douglas v. California*, 372 U.S. 353 (1963)
- *Boddie v. Connecticut*, 401 U.S. 371 (1971)
- *Bounds v. Smith*, 430 U.S. 817 (1977)
- *Mathews v. Eldridge*, 424 U.S. 319 (1976)
- *Goldberg v. Kelly*, 397 U.S. 254 (1970)
- *Cleveland Board v. Loudermill*, 470 U.S. 532 (1985)
- *Ex parte Young*, 209 U.S. 123 (1908)
- *Pulliam v. Allen*, 466 U.S. 522 (1984)
- *Cheney v. United States District Court*, 542 U.S. 367 (2004)

17

EFiled: Oct 29 2025 03:18PM EDT
Filing ID 77473074
Case Number 271,2025

SUPREME COURT OF DELAWARE

LISA A. DOLPH
*Clerk*

DANIELLE M. DRAKE
*Chief Deputy Clerk*
JOANNE K. HASTINGS
*Senior Court Clerk*
BERYL B. NYAMBURI
*Senior Court Clerk*
RAEKWON T. LONGMIRE
*Senior Court Clerk*

SUPREME COURT BUILDING
55 THE GREEN
DOVER DE 19901

*(302) 739-4155*

October 29, 2025

Mr. Detlef Hartmann
246 North Franklin Street
Wilmington, DE 19805

RE:    ***IMO the Petition of Detlef Hartman for a Writ of
Prohibition.,*** No. 271, 2025

Dear Mr. Hartmann:

The Court has received your documents, in the above-referenced matter, which appears to be responding to the Court's letter filed October 13, 2025. These documents are not permitted under Supreme Court Rule 43(b)(ii). Therefore, the Court has directed me to advise you that your document is stricken.

Very truly yours,
*/s/ Beryl B. Nyamburi*

cc:    Andrew Fletcher, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
DETLEF F. HARTMANN, Petitioner,

v.

DELAWARE SUPREME COURT and BERYL B. NYAMBURI, Respondents.
Case No. 1:25■cv■01052■GBW

## PETITIONER'S SUPPLEMENTAL NOTICE OF STATE■COURT ACTION AND MOTION TO SUPPLEMENT THE RECORD

Petitioner respectfully notifies this Court that on October 21, 2025, the Delaware Supreme Court issued correspondence through its Clerk advising that the Motion for Reconsideration and Recharacterization was stricken pursuant to Delaware Supreme Court Rule 43(b)(ii). A copy of that correspondence is referenced as Exhibit A hereto.

This event is relevant to the pending federal proceeding because it demonstrates continuing denial of access to judicial review in the state system and bears directly upon the constitutional questions presented in this case.

Petitioner therefore moves this Court to supplement the record to include this new state■court action and to take judicial notice thereof under Fed. R. Evid. 201.



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Case No. 1:25-cv-01052-GBW

## PETITIONER'S MOTION FOR RECONSIDERATION AND RECHARACTERIZATION
OCT 2 1 2025

Petitioner respectfully moves this Honorable Court to reconsider its prior order dismissing the Petition for Writ of Mandamus for lack of jurisdiction, and to recharacterize said petition as a civil action properly falling within the Court's jurisdiction under 28 U.S.C. § 1331 or, alternatively, 28 U.S.C. § 1361.

### I. Background

Petitioner filed a Petition for Writ of Mandamus seeking redress of constitutional and statutory violations arising from the actions of state judicial officers and court personnel. The Court dismissed the petition, citing lack of jurisdiction. Petitioner now seeks reconsideration because the prior pleading, though styled as a writ of mandamus, stated a claim that is cognizable under this Court's federal-question and mandamus jurisdiction, and the Court has the inherent authority to recharacterize pro se pleadings to avoid injustice.

### II. Grounds for Reconsideration

This motion is brought pursuant to Fed. R. Civ. P. 59(e) and Rule 60(b), which authorize a court to alter or amend a judgment, or to relieve a party from judgment, in order to correct manifest errors of law or fact or to prevent manifest injustice.

### III. Authority to Recharacterize Pro Se Pleadings

Federal courts have long recognized that "pro se complaints are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kemer, 404 U.S. 519, 520 (1972). When a pleading is mis-labeled but its substance presents a cognizable claim, the Court may recharacterize it accordingly. See Castro v. United States, 540 U.S. 375 (2003) (holding that courts may recharacterize a mislabeled motion to reflect the relief actually sought, provided the litigant is not prejudiced).

**Other Orders/Judgments**
1:25-cv-01052-GBW Hartmann v.
Nyamburi

PRO-SE

*Rec'd*
*10-17-25*
(5) *Request*
*copy*
*of*
*explaining*
*order.*

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 10/14/2025 at 9:33 AM EDT and filed on 10/14/2025
**Case Name:** Hartmann v. Nyamburi
**Case Number:** 1:25-cv-01052-GBW
**Filer:**
WARNING: CASE CLOSED on 10/14/2025
**Document Number:** 8

**Docket Text:**
**MEMORANDUM ORDER: Petitioner Detlef F. Hartmann's Petition for Writ of Mandamus (D.I. [1]) is DENIED for lack of jurisdiction. The Clerk of Court is directed to close this case ***Civil Case Terminated. Signed by Judge Gregory B. Williams on 10/14/2025. (jfm)**

**1:25-cv-01052-GBW Notice has been electronically mailed to:**

**1:25-cv-01052-GBW Filer will deliver document by other means to:**

Detlef F. Hartmann
246 N. Franklin St.
Wilmington, DE 19805

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/14/2025] [FileNumber=6000103-
0] [49bb2698f1aa9884a05ce69340063e403937db74b2d39bd187a35f44cb447b8b21
1fef2e9752e505c3d08448081ef8a5d8469b91b88a80ccad0c43567d9dc9c3]]

DETLEF (Hoc) F. HARTMANN
246 N. Franklin Str
Wilmington, DE 19805

CERTIFIED MAIL



9589 0710 5270 2555 5066 90

Retail



UNITED STATES
POSTAL SERVICE



19106

RDC 99

U.S. POS
FCM LG
WILMING
DEC 01,

$8.0

S23 Y50



DEC 03 2025

U.S.C.A. 3rd. CIR

U.S. Court of Appeals for the Third Circuit
Clerk's Office
601 Market Street
Philadelphia, PA 19106